PROB 12C
(04/05)

March 5, 2008

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

FILED

'08 MAR -7 PM 2: 15

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Thomas Kerns (English)　　　　　　**Dkt No.:** 08-CR-7003-001-IEG
　　　　　　Charged As: (same)

**Reg. No.:** 54294-198

**Name of Sentencing Judicial Officer:** The Honorable Irma E. Gonzalez, Chief U.S. District Judge

**Date of Sentence:** May 11, 2007

**Original .Offense:** 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii), and 18 U.S.C. § 2, Unlawful Distribution of 100 Kilograms or More of Marijuana, and Aiding and Abetting, a class B felony.

**Sentence:** Time served; 2 years supervised release. *(Special conditions: cooperate in the collection of DNA; $100 special assessment.)*

**Type of Supervision:** Supervised Release　　　**Date Supervision Commenced:** May 11, 2007

**Asst. U.S. Atty.:** Pending　　　　　　　　　　**Defense Counsel:** Pending

**Prior Violation History:** None.

---

## PETITIONING THE COURT

## TO SUMMON THE OFFENDER TO APPEAR BEFORE THE COURT

PROB 12C

Name of Offender: Thomas Kerns                    March 5, 2008

Docket No.: 08-CR-7003-001-IEG                              Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)** Not unlawfully possess a controlled substance. *(nv2)* | 1.   On November 20, 2007, Mr. Kerns was in possession of a narcotic controlled substance, as evidenced by the Deferred Judgment filed in the California Superior Court, South Bay Division, Case no. S215423, convicting the offender of HS § 11350, Possession of a Controlled Substance, a felony. |

***Grounds for Revocation:*** According to the Chula Vista Police Arrest Report number 07-25267, on November 20, 2007, the offender was contacted by a police officer after he saw the offender's stopped vehicle facing westbound in the eastbound lanes of traffic. While running a computer check on both Mr. Kerns and his passenger, Danny Valdez, the officer noticed that the offender reached down with his left hand, by his left pant pocket area, as if attempting to hide something or take something out of his pocket. When asked if they had anything illegal on them, Mr. Valdez immediately responded he did not. Mr. Kerns never answered. The officer asked the offender two more times if he had anything illegal on him, at which point he stated, "All I want to do is drop off my friend." The offender was also advised by the police officer that he had seen the movement he was making with his left hand and that it appeared as if he was attempting to conceal something. Prior to searching his vehicle, Mr. Kerns was asked what they would find in the car. The offender responded by stating, "You're gonna find a baggie of drugs."

Next to the driver's side of the front seat, police discovered a baggie containing 2.56 net grams of cocaine. Mr. Kerns reported that Mr. Valdez had called him up earlier that night from a local restaurant and requested a ride home, as he was too inebriated to drive. According to the offender, before dropping off Mr. Valdez, he had dropped off a second, unidentified friend, whom he would not name, at a different address in Chula Vista. The offender reported that the unidentified friend had left the cocaine baggie in his car and that he (the offender) had placed the baggie in the center console of the vehicle. Mr. Kerns reported that he planned on disposing of the baggie once he dropped off Mr. Valdez.

When the police arrived, Mr. Kerns reported that he retrieved the baggie from the console and placed it in his left hand, farthest from the police officer's view. Mr. Kerns was subsequently arrested and charged with a violation of H & S § 11350, Possession of a Controlled Substance.

On January 11, 2008, the offender pled guilty as charged, in the South Bay Superior Court, Case number S215423. On January 25, 2008, a Deferred Entry of Judgment was granted for 18 months. On

February 22, 2008, Mr. Kerns provided documentation to the state court, and to this officer, confirming that he had enrolled in the PC1000 Program at McAlistir Institute for Treatment and Education (MITE), January 25, 2008. The offender has been participating in this program since February 6, 2008. The program consists of 16 weeks of counseling, and 16 weeks of Narcotics Anonymous attendance. Upon completion of the program, the offender then provides verification to the state court and the charge is reduced to a misdemeanor.

A review of the file indicates that on November 7, 2007, a VCCA urine sample was submitted by Mr. Kerns at the U.S. Probation office. This officer was later informed by the laboratory director that the sample Mr. Kerns had provided had tested negative for cocaine, but only because it was below the cut-off level for a cocaine positive drug test result. On November 9, 2007, I addressed this matter with Mr. Kerns who denied using cocaine. I indicated to him that I did not believe him and stated that I believed he was using cocaine more frequently than he wanted to disclose. Shortly thereafter, the offender was arrested.

On November 29 2007, I met with the offender to discuss his arrest. He related that on November 20, 2007, he picked up a friend from a local restaurant. When the police approached his vehicle, Mr. Kerns related that his friend threw a baggie to the back seat. According to Mr. Kerns, the car was searched and the baggie located and attributed to him.

Your Honor is also advised that commencing in July 2007, several attempts were made to complete transfer of jurisdiction proceedings from the District of Colombia. It appeared that some of the paperwork was not appropriately submitted by the District of Colombia. Since that time however, and after numerous phone calls, the jurisdiction transfer was finally completed on January 24, 2008; hence our delay in reporting this violation in a more timely manner.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Kerns reported for supervision on May 14, 2007, and has been supervised by this officer since that time. Case records reveal that despite his recent arrest, the offender has been compliant in all other aspects of his supervision. He has maintained stable and gainful employment as an Operation Systems Analyst at HSBC Auto Finance, and he has resided with his parents in Chula Vista, CA, since he returned to California, subsequent to his sentencing. Further, he is good about maintaining contact with this officer and has thoroughly complied with all of my requests.

During my discussions with Mr. Kerns, he has expressed an interest in attending mental health counseling to resolve some personal issues stemming from a broken marital engagement.

PROB 12C

Name of Offender: Thomas Kerns

Docket No.: 08-CR-7003-001-IEG

March 5, 2008

Page 4

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

The offender is 34 years old and single. As reported, he has maintained stable employment and residence. Case records reveal he has been previously convicted of Driving Under the Influence of Alcohol in 1995, and Assault and Battery in 1999. In 1992, he was arrested and charged with Force Assault with Deadly Weapon, Not a Firearm; Great Bodily Injury Likely, however he was not prosecuted.

## SENTENCING OPTIONS
## CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

Mandatory Revocation: If it is determined that the offender has violated the conditions of supervised release by being in possession of a controlled substance, the court is required to revoke supervised release and impose a sentence that includes a term of imprisonment. 18 U.S.C. § 3583(g)(1), and USSG § 7B1.4, p.s., comment. (n.5).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 3 year(s). 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegation (possession of a controlled substance) constitutes a Grade B violation. USSG § 7B1.1(a)(), p.s.

Upon a finding of a Grade B violation the court shall revoke supervised release. USSG § 7B1.3(a)(1), p.s.

A Grade **B** violation with a Criminal History Category **II** (determined at the time of sentencing) establishes an **imprisonment range of 4 to 10 months.** USSG § 7B1.4, p.s.

It is noted that in the case of a Grade B violation, and where the minimum term of imprisonment determined under USSG § 7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG § 7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 36 months. USSG § 7B1.4, p.s., comment. (n.4), and 18 U.S.C.

PROB 12C
Name of Offender: Thomas Kerns
Docket No.: 08-CR-7003-001-IEG

March 5, 2008
Page 5

§ 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and a term of imprisonment is imposed that is less than the maximum term of imprisonment imposable upon revocation, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(h) and USSG § 7B1.3(g)(2), p.s.

In this case, the court has the authority to reimpose a term of 5 year(s) supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

PROB 12C
Name of Offender: Thomas Kerns
Docket No.: 08-CR-7003-001-IEG

March 5, 2008
Page 6

## RECOMMENDATION/JUSTIFICATION

Mr. Kerns' new arrest is clearly a violation of his conditions of supervised release. His drug possession, and his efforts to shift the blame onto someone else are clearly immature and irresponsible. However, to his credit, prior to this arrest, Mr. Kerns was a compliant offender. During the approximate 10 months that I have supervised him, he has presented as being level-headed and attempting to get his life in order. It is my opinion, after considering the totality of the offender's adjustment on supervision, that he merits another opportunity to prove to himself, and more importantly, to Your Honor, that he can overcome this problem and resolve to make a better life for himself.

In light of the above, I am recommending that supervised release be revoked and that Mr. Kerns be booked into custody and released on the same date. This will meet the statutory requirement that supervised release shall be revoked upon possession of a controlled substance and a period of custody imposed. A term of 2 years supervised release is also recommended with the following special conditions added: no firearms; search; report all vehicles; mental health treatment; and not enter or reside in Mexico without the written permission of the Court or the probation officer. Given my recommendation for no actual custody, I am suggesting that as a punitive measure, that Mr. Kerns be ordered to complete 100 hours of community service, as directed by the probation officer. Further, in order to monitor the offender and assure that he deals with a possible drug addiction, it is also recommended that he participate in a program of drug testing and counseling. It is hoped that these measures, along with his participation in the MITE Program, and NA (mandated by the state court), will help Mr. Kerns address his drug use and deter his dalliances into the drug culture. Your Honor is assured that Mr. Kerns will be closely monitored and any further issues of non-compliance will promptly reported to the court.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: March 5, 2008**

Respectfully submitted:
KENNETH O. YOUNG
CHIEF PROBATION OFFICER

by _____
Patricia León
U.S. Probation Officer
(619) 409-5109

Reviewed and approved:

_Mary Murphy_
Mary M. Murphy
Supervising U.S. Probation Officer

Name of Offender: Thomas Kerns               March 5, 2008

Docket No.: 08-CR-7003-001-IEG               Page 7

# VIOLATION WORKSHEET

1. **Defendant:**  Kerns, Thomas

2. **Docket No.** (Year-Sequence-Defendant No.)**:**  08-CR-7003-001-IEG

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

| Violation(s) | Grade |
|---|---|
| possession of a controlled substance | B |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))         [ B ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))         [ II ]

6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))         [ 4 - 10 months]

7. **Unsatisfied Conditions of Original Sentence**: None.

Name of Offender: Thomas Kerns                                  March 5, 2008
Docket No.: 08-CR-7003-001-IEG                                       Page 8

**THE COURT ORDERS:**

X       THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE
THE COURT ON MARCH 17, 2008, AT 9 AM, TO SHOW CAUSE WHY SUPERVISED
RELEASE SHOULD NOT BE REVOKED.


_____   Other _____

_____

_____


_____             _____
The Honorable Irma E. Gonzalez                          Date
Chief U.S. District Judge